UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEROY ARRINGTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:13-CV-849 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Leroy Arrington, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In MCF #13-07-0215, Arrington was found guilty of using a cell phone. (DE 8-3.) The charge was initiated on July 15, 2013, when Internal Affairs Investigator C. Klepinger wrote a conduct report stating as follows:

> On 4/29/13 Internal Affairs began an investigation into a cell phone that was located in the facility. The phone was sent to the State Police lab for a full report on its contents. The report returned with hundreds of texts, incoming, and outgoing calls listed.
>
> At least one phone number was located in the call log that is listed on the above offenders phone list and he was housed on the same side of LHU that the phone was recovered from.
>
> The following numbers were found on the cell phone that can [sic] also be on the phone list for Arrington.
>
> 773-603-9249 Toya Cornell
>
> See Case #13-MCF-0050 for further [information]. (CONFIDENTIAL)

(DE 8-1.)

On July 18, 2013, Arrington was formally notified of the charge and given a copy of the conduct report. (DE 8-1; DE 8-2.) He pled not guilty, declined the assistance of a lay advocate,

waived the 24-hour notice requirement, and did not request any witnesses or evidence. (DE 8-2.) That same day, a hearing was held on the charge. (DE 8-3.) Arrington made the following statement: "I ask[ed] someone to make a call for me. I didn't know he was going to use a cell phone. I asked Tyron L. Gibbs 145859 to make the call." (*Id.*) He then pled guilty to the charge. (*Id.*) The hearing officer accepted Arrington's guilty plea. (*Id.*) Among other sanctions he lost earned-time credits and received a credit-class demotion. (*Id.*) His administrative appeals were denied. (DE 8-4 to DE 8-6.)

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Arrington raises a number of claims premised on violations of Indiana Department of Correction ("IDOC") policies, including failure to comply with IDOC time deadlines, and abuse of discretion in connection with the sanctions that were imposed. However, even if he is correct that IDOC rules were violated, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997)

(violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Accordingly, these claims must be denied.

Arrington's remaining claim is that he was denied a witness. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Here, Arrington states in general terms, "I wasn't allowed my witness to testify on my behalf." (DE 1 at 4.) Although not entirely clear, he appears to be referring to Gibbs. (*See id.*) However, Arrington signed the screening report indicating that he did not wish to call any witnesses. (DE 8-2.) He cannot fault the hearing officer for failing to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Furthermore, Arrington pled guilty to the charge. (DE 8-3 at 1.) In light of his guilty plea, he has not made any showing that a statement from Gibbs would have exculpated him. *See Jones,* 637 F.3d at 847; *Meeks*, 81 F.3d at 721. Accordingly, this claim is denied.

For these reasons, the petition (DE 1) is **DENIED**.

SO ORDERED.

ENTERED:  May 1, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court